IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

IN RE MENTOR CORP. OBTAPE       *   MDL Docket No. 2004
                                    4:08-MD-2004 (CDL)
TRANSOBTURATOR SLING PRODUCTS   *
                                    Case No.
LIABILITY LITIGATION            *   4:13-cv-359 (Rinaldi)

_____

O R D E R

Defendant Mentor Worldwide LLC developed a suburethral sling product called ObTape Transobturator Tape, which was used to treat women with stress urinary incontinence. Plaintiff Marcee Rinaldi was implanted with ObTape and asserts that she suffered injuries caused by ObTape. Rinaldi brought a product liability action against Mentor, contending that ObTape had design and/or manufacturing defects that proximately caused her injuries. Rinaldi also asserts that Mentor did not adequately warn her physicians about the risks associated with ObTape. Mentor argues that all of Rinaldi's claims are time-barred under Texas law. As discussed below, the Court agrees, and Mentor's summary judgment motion (ECF No. 34 in 4:13-cv-359) is granted.

SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment,

the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

Under the Court's local rules, a party moving for summary judgment must attach to its motion "a separate and concise statement of the material facts to which the movant contends there is no genuine dispute to be tried." M.D. Ga. R. 56. Those facts must be supported by the record. The respondent to a summary judgment motion must respond "to each of the movant's numbered material facts." *Id.* "All material facts contained in the movant's statement which are not specifically controverted by specific citation to particular parts of materials in the record shall be deemed to have been admitted, unless otherwise inappropriate." *Id.* Mentor submitted a statement of undisputed material facts. Rinaldi did not respond to that statement of undisputed material facts. Therefore, Mentor's statement of material facts is deemed admitted pursuant to Local Rule 56. The Court reviewed Mentor's citations to the record to confirm that they support Mentor's fact statements.

FACTUAL BACKGROUND

On March 9, 2005, Dr. John Zavaleta implanted Rinaldi with ObTape to treat her stress urinary incontinence. In June 2005, Rinaldi began experiencing vaginal discharge and odor. The next May, Dr. Zavaleta removed a portion of Rinaldi's mesh to treat her discharge and odor symptoms. In June 2006, Dr. Zavaleta explained to Rinaldi that he had removed a portion of her ObTape. Rinaldi continued to experience vaginal discharge and odor, as well as dyspareunia. Dr. Zavaleta removed additional ObTape in August 2007, and Rinaldi understood that the excision procedure was to treat the symptoms connected to her ObTape.

In 2008, Rinaldi sought treatment from Dr. Paul Daum. Dr. Daum observed that Rinaldi's sling was exposed, and he removed significant portion of her ObTape to treat her symptoms. Rinaldi's symptoms improved for a while but then recurred. In April 2009, Dr. Daum told Rinaldi that her ongoing issues with odor and discharge were likely caused by ObTape that had been left in her body. And on June 8, 2009, Dr. Daum removed a small remaining portion of Rinaldi's ObTape. Her symptoms resolved. By 2009, Rinaldi "knew there was something wrong" with her ObTape. Rinaldi Dep. 213:24-214:3, ECF No. 34-4 in 4:13-cv-359.

Rinaldi did not specify in her Complaint what legal theories she is pursuing against Mentor. Based on the Court's review of her Complaint and her response to Mentor's summary

judgment motion, Rinaldi is asserting personal injury claims under negligence, strict liability-design defect, and strict liability-failure to warn theories. *See* Compl. ¶ 14, ECF No. 1 in 4:13-cv-359 (asserting that Mentor was negligent in the manufacturing and distribution of ObTape; *id.* ¶¶ 22-27 (alleging that ObTape is defective and unreasonably dangerous due to design defects and failure to warn of the risks).

DISCUSSION

On July 12, 2013, Rinaldi filed her Complaint in the United States District Court for the Northern District of Texas. The case was later transferred to this Court as part of a multidistrict litigation proceeding regarding ObTape. The parties agree that Texas law applies to Rinaldi's claims because her case originated in Texas, she is a Texas resident, and all of her ObTape-related medical treatment took place in Texas.

Under Texas law, Rinaldi's claims are subject to a two-year statute of limitations. Tex. Civ. Prac. & Rem. Code § 16.003(a) (requiring that actions for personal injury be brought within two years after the claim accrues). Mentor contends that Rinaldi's claims accrued by June 2009 at the latest, after Rinaldi had undergone four excision procedures and "knew there was something wrong" with her ObTape. Rinaldi Dep. 213:24-214:3. Rinaldi, however, argues that her claims did not accrue until October 2012, when she saw a television advertisement

4

about mesh implant complications and learned that her ObTape problems might have been caused by a product defect.

Texas's discovery rule applies if "the nature of the injury incurred is inherently undiscoverable and the evidence of injury is objectively verifiable." *Childs v. Haussecker*, 974 S.W.2d 31, 36 (Tex. 1998) (quoting *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 918 S.W.2d 453, 456 (Tex. 1994)).  Under the discovery rule, "a cause of action does not accrue until a plaintiff knows or, through the exercise of reasonable care and diligence, 'should have known of the wrongful act and resulting injury.'" *Id.* at 37 (quoting *S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996)).  As the Court recently explained, "Texas law provides that the statute of limitations for [a plaintiff's] claims began to run when [she] knew, or should have known, of a causal connection between [her] injuries and the product." *Bergin v. Mentor Worldwide, LLC*, No. 4:13-cv-135, 2016 WL 3049491, at *2 (M.D. Ga. May 27, 2016).  The Court further observed:

> In the Texas product liability cases, there is no suggestion that the cause of action does not accrue until the plaintiff knows or should have known of a connection between the plaintiffs' product and any "wrongful acts" by the defendants. Rather, the cause of action accrues when the plaintiff knows of a connection between her injuries and the defendant's product. The Fifth Circuit made this clear in a case closely analogous to the present one. *See Porterfield v. Ethicon, Inc.*, 183 F.3d 464, 467 (5th Cir. 1999) (per curiam) (applying Texas law and concluding that the plaintiff's product liability claim accrued when the plaintiff "had knowledge that her physical problems were associated with" her surgical mesh).

> Under Texas law, when a plaintiff learns of that
> connection, the plaintiff has until the statute of
> limitations expires to connect her injury to conduct
> of a defendant that gives rise to an actionable claim.

*Id.* (explaining the evolution of the "wrongful act" language and
the *holdings* in product liability cases).  For all of these
reasons, Rinaldi's claims accrued in June 2009 at the latest,
after Rinaldi had undergone four excision procedures and "knew
there was something wrong" with her ObTape.  Rinaldi Dep.
213:24-214:3.

Rinaldi relies heavily on *Woodruff v. A.H. Robins Co.*, 742
F.2d 228 (5th Cir. 1984) (per curiam).[1]  In that case, the Fifth
Circuit determined that the plaintiff's cause of action did not
accrue under Texas Law until 1981, when the plaintiff read a
newspaper article suggesting a possible connection between her
intrauterine device and her severe pelvic disease that had
developed eight years earlier.  Significantly, in *Woodruff*,
there was no evidence that the plaintiff or her doctors
connected the plaintiff's injuries to her intrauterine device
before 1981.  In contrast, here, Rinaldi knew that something was
wrong with her ObTape by June 2009, after she had undergone four
excision procedures to treat her symptoms.  That is when her
claims accrued under Texas law.  She did not file this action
within two years, so her claims are time-barred.

---

[1] She also relies on *Sanchez v. Boston Scientific Corp.*, No. 2:12-CV-
05762, 2014 WL 202787 (S.D.W. Va. Jan. 17, 2014).  *Sanchez* was decided
under California law, not Texas law, and has no application here.

6

Rinaldi contends that even if the discovery rule does not save her claims, the statute of limitations was tolled by fraudulent concealment. To prove fraudulent concealment, "the plaintiff must show: (1) existence of the underlying tort; (2) the defendant's knowledge of the tort; (3) the defendant's use of deception to conceal the tort; and (4) the plaintiff's reasonable reliance on the deception." *Arabian Shield Dev. Co. v. Hunt*, 808 S.W.2d 577, 584 (Tex. App. 1991). "Fraudulent concealment merely tolls or suspends the statute of limitations until the time the plaintiff learns of the facts that give rise to his cause of action or should learn of the facts in the exercise of reasonable diligence." *Id.; accord Hooks v. Samson Lone Star, Ltd. P'ship*, 457 S.W.3d 52, 59 (Tex. 2015) (noting that if a plaintiff knows about injury-causing conduct, then the statute of limitations begins to run).

Here, Rinaldi contends that Mentor concealed the true risks of ObTape from her physicians; that is the basis for her failure to warn claim. But she did not point to any evidence that Mentor took any action to conceal her tort claims—her negligence and strict liability claims. Moreover, as discussed above, Rinaldi knew by June 2009 at the latest that she had suffered injuries caused by an erosion of her ObTape and that something was wrong with her ObTape. A reasonable person in that situation would take some action to follow up on the cause of

her injuries and try to find out whether the injuries were caused by a problem with ObTape, a problem with the implant surgery, or some other problem.   But Rinaldi pointed to no evidence that she took any action to investigate her potential claims for years after she knew (or had enough information to know) there was a connection between ObTape and her injuries. Under these circumstances, the Court concludes that fraudulent concealment does not toll the statute of limitations.

CONCLUSION

For the reasons set forth above, Rinaldi's claims are time-barred under Texas law.   Mentor's Motion for Summary Judgment (ECF No. 34 in 4:13-cv-359) is therefore granted.

One of Rinaldi's attorneys, Garnett E. Hendrix, Jr. seeks to withdraw from representing Rinaldi because he has changed firms.   A lawyer from Hendrix's prior firm has entered an appearance on behalf of Rinaldi.   Given that Rinaldi continues to be represented, the Motion to Withdraw (ECF No. 38 in 4:13-cv-359) is granted.


IT IS SO ORDERED, this 9th day of September, 2016.

s/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA